■ SANDRA L. SELL, Respondent, v BRANDON A. ZYLINSKI et al., Appellants.—Order unanimously reversed on the law with costs, and summary judgment granted defendants, in accordance with the following memorandum: In this action by the vendor under a contract to sell real property, defendants, the buyers, appeal from an order denying their motion seeking summary judgment dismissing the complaint, a declaration that the contract is null and void, and the return of their deposit. Defendants are entitled to the relief requested.

In September 1985 defendants entered into a contract to purchase plaintiff's house for $55,000, including a $3,500 deposit. The contract was contingent upon the buyers receiving a $45,000 mortgage. The seller agreed to convey "good and marketable title." In the event that title proved to be unmar-

ketable, either party had the right to cancel the contract on written notice, in which case the deposit would be returned to the buyers. The contract did not specify a time within which written notice of cancellation had to be given, but allowed the seller a "reasonable time" within which to cure any defect in title or to obtain title insurance.

In November 1985, shortly after the buyers received a tentative $45,000 mortgage commitment, a search revealed the existence of a 49.5-foot-wide easement across the property. Notwithstanding the defect in title, it is apparent that the parties hoped that the deal could be closed before the buyers' mortgage commitment expired. The seller tried without success to obtain a release of the easement from its owner and, alternatively, offered to obtain title insurance, but the record indicates that the defect was uninsurable. Both parties asked the lending bank to "waive" the encumbrance on title but the bank declined to do so, refused to schedule a closing, and, on December 20, rescinded the mortgage commitment. The bank agreed to lend a lesser amount to reflect the diminution in the value of the property as a result of the easement, provided that the buyers agreed to purchase a mortgage insurance policy at substantial additional cost. Thus, notwithstanding the parties' desire to close the deal, the seller could not tender marketable title as a result of which the mortgage contingency failed.

By letter of December 20, seller informed the buyers that time was of the essence and requested that they resolve their "difficulty" with the bank. On January 3, 1986 seller notified the buyers that they were in default and canceled the contract. On February 18, the buyers formally rejected title to the premises as unmarketable and demanded return of their $3,500 deposit. The seller thereafter commenced this action. In her first cause of action, she seeks a forfeiture of the buyers' deposit as a consequence of their alleged default. Plaintiff's second cause of action seeks $4,000 damages as a result of the buyers' alleged misrepresentation that they were "proceeding to close" and "waiting for a closing to be scheduled." Plaintiff's third cause of action seeks $4,000 damages for defendants' alleged intentional interference with her secondary contract to purchase another residence. Defendants moved for summary judgment dismissing the complaint and the court denied the motion. Although the court found that the easement provided defendants with a valid objection to title, it held that there was a question of fact regarding the timeliness of defendants' notice to cancel the contract of sale.

The record establishes that, when the seller canceled the contract on January 3, 1986, she was in material breach of her obligation to tender marketable title, since she had neither cured the defect nor obtained title insurance to cover it. It is clear that, as a consequence of the seller's breach, there was a failure of the mortgage contingency. The seller's breach, coupled with the failure of the mortgage contingency, excused the buyers from further performance of the contract and entitled them to return of their deposit *(see generally,* 22 NY Jur 2d, Contracts, § 364; 62 NY Jur, Vendor and Purchaser, §§ 126-127, 129, 131). The buyers' failure to give written notice of cancellation before the seller gave such notice does not entitle the seller to enforce the contract or to recover damages for failure of her secondary contract. Therefore, plaintiff's first and third causes of action must be dismissed and plaintiff must return defendants' deposit. Plaintiff's second cause of action must also be dismissed since the statements relied upon by plaintiff, i.e., that defendants were proceeding to close and were waiting for a closing to be scheduled, did not misrepresent defendants' present intention to perform *(see generally,* 60 NY Jur 2d, Fraud and Deceit, §§ 36-39). The record establishes that defendants did intend to close on the terms agreed to by the parties, if possible. (Appeal from order of Supreme Court, Erie County, McGowan, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.